# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **THE PEOPLE OF TA'AL AMOORUC REPUBLIC,** | ) ) ) | |
| **Plaintiff,** | ) ) | **No. 3:18-cv-01208** |
| **v.** | ) ) | **Judge Aleta A. Trauger** |
| **ALL FOREIGN AGENTS AND AGENCIES OF THE UNITED STATES CORPORATION COMPANY,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

## MEMORANDUM & ORDER

Before the court is the Complaint and Request for Injunction (Doc. No. 1) filed on behalf of the "People of Ta'Al Amoouruc Republic" by three individual plaintiffs who identify themselves as Kadeen Aqil Bey, Mansa El Ali, and Tasheka Kefla Bey. The plaintiffs are not represented by an attorney.

The Complaint names as defendants the "United States Corporation Company 1925"; Donald Trump, "Doing Business as President of the United States"; the governors of virtually every state, each "Doing Business as the Governor" of his or her respective state, including Tennessee's governor, Bill Haslam; and "all Foreign Agents and agencies of the United States Corporation Company including the District of Columbia and its Subsidiaries," which appears to include nearly every state in the union.[1] (*Id.* at 6–19.)

The plaintiffs paid in full the $400 filing fee. Nonetheless, for the reasons set forth herein, the court will **DISMISS** the Complaint for lack of subject matter jurisdiction.

---

[1] Only 47 governors and 48 states are named in the Complaint.

## I.     Factual Allegations and Legal Claims

The plaintiffs have filed a 38-page document that can only be described as nonsensical.

The first paragraph of the Complaint states as follows:

> We the People of Ta Al Amooruc Republic an Ecclesiastical Body Politic and Corporate [rec# 94627, instrument 2131183 in record book 1649 pgs 2963–2965] deem it necessary for the survival of our posterity necessary to separate ourselves from the United States Corporation Company and Repatriate back to our inherent State **Morocco/Societas Republicae Estados Al Maurikanos**. The UNITED STATES Corporation has no Sovereign Authority and is a federal Corporation bankrupt and insolvent affirmed by, **"United States Congressional Record, March 17, 1993 Vol. 33, page H-1303."** The UNITED STATES is bankrupt and insolvent therefore all actions compel the People of the Several States are done under a color of Law.

(*Id.* at 1.)

The Complaint references 28 U.S.C. § 1331 as the basis for this court's jurisdiction and recites various articles of the "Constitution for the United States of America March 4th 1789," the "Articles of Confederation March 1st 1871," and the "District of Columbia Organic Act of 1871 Forty First Congress, Session III, Chapter 62 1871." (Doc. No. 1, at 1–2.) The Complaint also lists a number of treaties and federal statutes, among other documents.

The Complaint asserts diversity jurisdiction under 28 U.S.C. § 1332. In support of diversity jurisdiction, it identifies such documents as the "Zodiac Constitution – Library of Congress AA 222141 January 3rd, 1935," the "Papal Bull Dum Diversas 18 June, 1452," the "Leagal [sic] Battle and Spiritual War against the Native People," "The Bull Inter Caetera (Alexander VI) May 4, 1493," the "Treaty of Tordesillas – June 7, 1494," and the "Patent Granted by King Henry VII to John Cabot and his Sons – March 5, 1496," among others. (Doc. No. 1, at 3.) The plaintiffs claim that the amount in controversy exceeds $75,000 based on the "bonds" listed in the Complaint (the full amount of which is "Fifty-Four Million in Lawful Money"), referencing a number of criminal statutes, including 18 U.S.C. §§ 1091, 1203, 2332a,

2340, 241, 242, and 247, and the "Pope's Civil Orders July 4th, 2014." (Doc. No. 1, at 4.)

The Complaint includes a "Statement of Claim," which simply asserts that the United States is bankrupt, insolvent, and has no "Sovereign Authority." (*Id.*) The Complaint contains several paragraphs of utter nonsense to support that assertion, primarily concerning the definition of "money" as distinct from "currency," the value of gold and silver, and the difference between "paying" and "discharging" a debt. (*Id.* at 5.)

Finally, the plaintiffs demand that the defendants put "the Titles of the Plaintiffs and all future members of <u>TA AL AMOORUC REPUBLIC on THE DO NOT STOP, DO NOT DETAIN LIST FOR WASHINGTON, D.C., TENNESSEE STATE AND ALL OTHER CORPORATE STATES</u>." (*Id.* at 6.) The plaintiffs insist that "the Trespass of the unalienable rights of any of the People of Ta Al Amoouruc Republic is a trespass against this state," and that they hold a bond of "<u>Fifty-Four Million Dollars</u> in Lawful Money, consideration, gold, silver, land and estates against the Defendants." (*Id.*) They demand that the "Defendants dependent on the Corporate Jurisdiction of the violators shall be charged Nine Thousand dollars in Lawful Money, consideration, gold, silver, land and estates per violation on relief for damages for ANY and EVERY action by any Public Official to the People and their Estate." (*Id.*)

Kadeen Aqil Bey signed the Complaint in his capacity as "Autochton/National/Moor" and "Plenipotentate In Propria Persona Sui Juris Sui Haeredes Solo Proprio." (*Id.* at 19.) Following this signature page are documents with the headings "Legal Notices! Name Declaration Correction, Proclamation and Publication" and "Judicial Notice and Proclamation (*Id.* at 21, 23, 30, 32) in which two of the three plaintiffs announce their "Proper Person Status," proclaim Moorish Nationality and Birthright, and generally assert "secured Rights and Immunities from TAXATION [and] from Criminal and Civil Jurisdiction by, and of, the United

States Rights Republic (U.S.A.)." (Doc. No. 1, at 33.)

## II.     Legal Standards

It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson,* 821 F.2d 1220, 1223 (6th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 F. App'x 334, 338 (6th Cir. 2004). Applying these rules of construction, the court concludes that the Complaint fails to establish subject matter jurisdiction in this Court.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). This court has a duty to consider its subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. A*nswers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

There are two basic types of jurisdiction: federal-question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. A plaintiff properly invokes federal-question jurisdiction under § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted). He invokes diversity jurisdiction when he presents a claim between parties who are citizens of different states and the value of that claim exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a). The district court is to presume that a cause lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests upon the plaintiff. *Kokkonen*, 511 U.S. at 377.

When a plaintiff fails to establish jurisdiction, the court must dismiss the case without prejudice. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005); *see also Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.").

## III.   Analysis

### A.      Representative Capacity

As an initial matter, the court notes that plaintiff Tasheka Kefla Bey did not sign the pleading at all; Mansa El Ali signed only the Notices attached to the Complaint, but he did not sign the Complaint itself. In general, a party may plead and conduct his or her case in person or through a licensed attorney; he may not act in a representative capacity on behalf of other plaintiffs. 28 U.S.C. § 1654; *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009). An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this court's jurisdiction. 28 U.S.C. § 1654; *Steelman v. Thomas*, 848 F.2d 194 (Table), 1988 WL 54071, at *1 (6th Cir. May 26, 1988). Similarly, a corporation or other organization must be represented by an attorney. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–03 (1993) (recognizing that that § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney.").

Only Kadeen Aqil Bey signed the Complaint. There is no indication that he is a licensed attorney; therefore, his signature is not effective to bring the claims of the "People of Ta'Al Amoouruc Republic," Mansa El Ali or Tasheka Kefla Bey. Consequently, Kadeen Aqil Bey is

the only plaintiff properly before this Court, and the claims by all other putative plaintiffs must be dismissed without prejudice.

**B.    Subject matter Jurisdiction**

With respect to the claims brought Kadeen Aqil Bey, even liberally construing the Complaint, the court is unable to discern any cause of action, much less any coherent supporting facts. The United States Supreme Court has explained that a "patently insubstantial complaint may be dismissed . . . for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); s*ee also Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (observing that "this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" (citations and internal quotation marks omitted).

This is such a case. The Complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit," *Hagans*, 415 U.S. at 536, and therefore is subject to dismissal pursuant to Rule 12(b)(1). First, although the plaintiff references 28 U.S.C. § 1332 and diversity jurisdiction, there is not complete diversity in this case. Governor Bill Haslam of Tennessee is one of the named defendants, and the plaintiff provides an address in Tennessee as his legal residence. In the absence of complete diversity, the plaintiff cannot establish the existence of diversity jurisdiction under § 1332.

Moreover, although the plaintiff cites 28 U.S.C. § 1331 as well, no federal question can be discerned from the Complaint. Even liberally construed, the Complaint fails to allege any sort of "colorable claim" and fails to allege facts that would provide a basis for federal question jurisdiction. *Accord Abdullah v. Morton*, No. 1:16-cv-1292, 2017 WL 2387833, at *2 (W.D.

Mich. April 13, 2017) (recommending summary dismissal of complaint as frivolous, based upon the plaintiff's contention that he is "a Moorish citizen subject to treaty rights between the United States and the Moroccan Empire, e.g., that '[t]he Moors are the founders and are the true possessors of the present Moroccan Empire; with our Canaanite, Hittite and Amorite brethren, who sojourned from the land of Canaan, seeking new homes' and that as an 'Aboriginal Indigenous Moorish–ABDULLAH'" he is subject to treaties entered into between Morocco and the United States), report and recommendation adopted, No. 1:16-CV-1292, 2017 WL 2378818 (W.D. Mich. June 1, 2017); *Idrissa El ex rel. Brewton v. Beal*, No. 1:14-cv-96-FDW, 2014 WL 2812786, at *2 (W.D.N.C. June 23, 2014) ("Plaintiff's claim that his status as a Moorish citizen not subject to the laws of the United States and the States is wholly frivolous."); *El Bey v. Centralia Police Dep't*, No. 13-cv-313-JPG, 2013 WL 1788514, at *3 (S.D. Ill. April 26, 2013) ("Plaintiff is free to call himself a Moorish American National, or any other description that suits him. However, he is subject to state and federal laws, just like any other person regardless of citizenship. This Court . . . reject[s] Plaintiff's contention that he is not subject to Illinois laws or the jurisdiction of the Circuit Court. . . .").

The allegations set forth in the Complaint fail to establish subject matter jurisdiction in this court because they are totally implausible, unsubstantial, frivolous, devoid of merit, and no longer open to discussion. Even under the liberal construction afforded to *pro se* filings, the Complaint is subject to dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## IV.    Conclusion and Order

This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

It is so **ORDERED**.

This is the final order in this case for purposes of Fed. R. Civ. P. 58.

_____
ALETA A. TRAUGER
United States District Judge